Smith, J.
In this case we think the evidence shows that the plaintiff below, while rightfully a passenger upon a train of the defendant Company, having in his possession a mileage book belonging'and issued to himself, and which book was duly presented to the conductor of the train, (when he demanded of the plaintiff his fare for the trip), in strict compliance with the terms of the contract under which it was sold to him, was wrongfully and brutally assaulted and insulted by the conduc *22 tor, on the unfounded pretense that he was not the owner of the book. No physical injury was inflicted upon the plaintiff, but in a rude and ungentlemanly manner, and with insulting language, in a car full of ladies and gentlemen, he was caught by the collar of his coat, and dragged into the aisle, and would have been ejected from the train, had he not paid his-fare in cash. We see no justification, real or apparent, for the conduct of this official. In our opinion the jury, on the proof as to what then took place, and by reason of the partial ratification of his acts by the defendant Company, and the subsequent conduct of its agents in regard thereto, and of the mode in which this case was defended by the company, was fully warranted, not only in finding a verdict for damages compensating the plaintiff for the injury done to him, and for his reasonable attorney’s fees for the prosecution of his case against the company, and for the value of his mileage book improperly confiscated by the agent of the company, blit in giving him wholesome and substantial punitive damages, for what was alleged in the petition, and as we think shown by the evidence, the wanton and malicious conduct of the. conductor. And in our judgment, the amount of the verdict was not so large as to justify us in reversing the judgment for this reason.
We think the court did not err in refusing to give the special charge asked for by the counsel for the defendant below. The general charge given by the court to the jury on the subject of malice as a ground for punitive damages was full, and it correctly stated the law upon the question, and no prejudice could have resulted to the defendant from the refusal of the trial judge to give the law in the language requested by the defendant.
It is earnestly urged by the counsel for the plaintiff in error, that in the use of the language quoted, the court assumed to tell the jury that the claim of the plaintiff below as to the manner in which he was treated by the conductor, was true, when in fact it was disputed by the evidence offered by *23 the company, and that he thus usurped 'the province of the jury. The language°was this: “You have a right also to consider any loss or injury which the plaintiff may have sustained by reason of the mortification which he may have suffered by being treated, as it is claimed by plaintiff that he was treated in this case.”
It must be remembered that this paragraph is only part of a chai’ge given by the court, as to what elements might properly be taken into the account by the jury in fixing the amount of compensatory damages in case it should find that he was entitled to recover therefor. The judge had instructed them that if they found a verdict for the plaintiff in this case on the issues made, but they further found that the conductor acted honestly and sincerely in the matter, but upon mistaken judgment, and without malice, and without wantonness or malice toward the plaintiff, then that he could only recover compensatory damages; and then said that “in estimating this damage you would have a right to consider any actual physical injury or suffering that may have been sustained by the plaintiff on account of the conduct of the conductor in endeavoring to put him off, if he did make such endeavor.” And then follows the paragraph complained of.
It would certainly have been better if the trial judge had added to the end of this sentence, language like this, “if you find his claim to be true;” but we think that this was in substance what was said, as compensatory damages were to be allowed only if the plaintiff had shown to the jury that he was entitled to them.
In addition to this, we think the exceptions taken to the charge at the time, do not fairly raise this point. The only one that related to this subject in any way was in these words : “Also to that part of the charge of the court as to compensatory damages, relatiug to mortification, position of plaintiff, injury to feelings, and any element of physical injuries.” The evident meaning of this is that counsel dispute the law as given to the jury, that mortification, the *24 position of plaintiff, injury to feelings, and any element of physical injuries might be taken into the account by the jury in fixing the amount of compensatory damages. One great object of an exception to a charge given to the jury is, that the trial judge may be advised of what the counsel except to, so that any verbal or substantial correction may be made by him, if he desires to do so. Here there was no special exception on the ground now urged. If there had been, doubtless the court would have made the addition suggested.
W. K. Maxwell, of Ramsey, Maxwell & Ramsey, for plaintiff in error.
A. W. Goldsmith, of Harmon, Colston, Goldsmith & Hoadly, for defendant in error.
We see no error in the record or proceedings for which the judgment should be reversed, and it will be affirmed, with costs.